LAWSON, J.
Gregory Hampton Platt appeals from his convictions and sentences on two counts of aggravated battery, one count of fleeing and eluding a law enforcement officer at high speed (and with wanton disregard for the safety of persons and properties), one count of possession of cocaine, one count of possession of more than twenty grams of cannabis, and various misdemeanor charges. Platt was sentenced to consecutive maximum terms on each of the felony counts, for an overall sentence of fifty-five years in state prison. We agree with Platt that the trial court erred in allowing the State to present evidence that Platt’s flight from a highway patrol officer earlier in the day (and in another county) resulted in that officer’s death. This evidence was obviously highly prejudicial, and had no relevance to the charges for which Platt was on trial in this case. With respect to most of the charges, we find that the admission of this evidence, though erroneous, was harmless beyond a reasonable doubt. However, with respect to the two aggravated battery charges - and the felony marijuana charge, we cannot find that the error was harmless. Therefore, we reverse Platt’s convictions for aggravated battery and possession of more than twenty grams of cannabis, and remand the case for further proceedings as to those charges.
On the morning of April 27, 2004, in Columbia County, Florida, Highway Patrol Trooper Andrew Brown attempted a routine traffic stop of a Dodge Neon, which the evidence strongly suggests was being driven by Gregory Platt. Platt’s girlfriend, Kelly Smith, was the owner of the car, and a passenger in it. at the time of the stop. The Dodge Neon displayed a temporary license tag, and the rear window had been replaced with “opaque” plastic. After initially stopping, the car fled from Trooper Brown at an extraordinarily high rate of speed. During the pursuit that followed, but after broadcasting information about the fleeing automobile and its occupants, Trooper Brown lost control of his patrol car and crashed into a tree. *944 Trooper Brown died as a result of this crash. A BOLO was quickly issued for the Dodge Neon which included a description of its driver.
Later that afternoon in Levy County, Florida, approximately four hours after the Columbia County crash, Agricultural Enforcement Officer Wade Merritt observed a purple Dodge Neon being driven by a man he would later identify as Gregory Platt. Both the car and the driver matched the Columbia County BOLO. When Officer Merritt activated his vehicle’s lights and sirens, the Dodge Neon immediately sped up and began a reckless flight that soon took both vehicles into Citrus County, where other law enforcement officers joined the pursuit. With speeds at times well over 100 miles per hour, Platt swerved from lane to lane; crossed double yellow lines; passed cars to the right of the roadway; ran red lights; and had many “near misses” with other drivers forced to take evasive action to avoid colliding with him. Ultimately, however, Platt ran out of room to maneuver, and struck the . rear of a Toyota Camry at a busy intersection. He then placed the Dodge Neon into reverse, and struck a pursuing patrol car occupied by Citrus County Deputy Sheriffs Dan Slingerland and Matthew Taylor. Platt then continued his flight on foot. However, he was shortly cornered and captured, with the use of a taser, as. he began to charge at another armed officer on foot. Multiple law enforcement and civilian witnesses saw Platt’s flight from the driver’s seat of the car, and his apprehension shortly thereafter. Most testified at trial. In addition, other witnesses, including Platt’s girlfriend (and his passenger), identified Platt as the driver of the fleeing car.
In a search incident to Platt’s arrest, law enforcement officers located drug paraphernalia, cocaine and marijuana in the Dodge Neon. After waiving his Miranda rights, Platt gave a statement to police in which he denied being in Columbia County earlier in the day, but admitted fleeing law enforcement officers in Citrus County at speeds in excess of 100 miles per hour. He also admitted using cocaine in the car and made statements that clearly showed his knowledge of and control over the drug paraphernalia and residual amounts of cocaine found on the paraphernalia. However, there was conflicting evidence regarding Platt’s knowledge of the marijuana (with Smith testifying that the marijuana belonged to her and that Platt was unaware of its presence).[1] There was also conflicting evidence presented on the issue of whether Platt intentionally struck the patrol car or simply did not see it prior to impact.[2] Platt’s action in striking the patrol car with the Dodge Neon served as the basis for the aggravated battery convictions.
At the time of his trial on the Citrus County charges at issue here, Platt was facing multiple charges in Columbia Coun *945 ty, including a charge of first degree felony murder for the death of Trooper Brown. Over defense counsel’s objection, the State introduced evidence of the Columbia County crimes, including evidence of Trooper Brown’s death, to demonstrate Platt’s alleged motive for fleeing from law enforcement officers later in the day and alleged motive for ultimately striking the car occupied by Deputies Slingerland and Taylor.
The prosecution mentioned Trooper Brown’s death repeatedly during opening and closing statements. Forensic (and other) evidence was admitted to link Platt to the Columbia County crimes. Additionally, the State was allowed to introduce photographs of Trooper Brown’s wrecked vehicle and what was described as a “chilling” sound recording of Trooper Brown’s radio dispatches during his last minutes of life.[3] This evidence was obviously highly inflammatory and prejudicial. It also had no relevance to any issue in the case, given the facts presented. This is because the State produced no proof that Platt was even aware of Trooper Brown’s death until after his arrest in Citrus County. In fact, the evidence strongly suggests that Platt had no knowledge of Brown’s death until he was told about it while cuffed and awaiting transport to the Citrus County jail. Absent proof that Platt knew of Brown’s death prior to the conduct for which he was on trial, there is no eviden-tiary basis from which a trier of fact could infer that the death served as a motive for any of Platt’s actions. For this reason, the fact of Trooper Brown’s death had no probative value whatsoever, and should have been excluded.
Even given the highly inflammatory nature of the evidence improperly admitted, we find that the proof of Platt’s guilt was so overwhelming and conclusive that the erroneous admission of this evidence was harmless beyond a reasonable doubt with respect to the charges of aggravated fleeing or eluding, possession of cocaine and the misdemeanors for which Platt was convicted. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). With respect to the charges about which there was conflicting evidence, however, we must reverse.
Accordingly, we reverse Platt’s convictions and sentences on both charges of aggravated battery, and on the charge of possession of more than twenty grams of cannabis, and remand the case for additional proceedings as to those charges only. We affirm all other convictions and sentences arising out of this case.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.

. The marijuana was not found in plain view. Some was found in a passenger side door compartment. More was found hidden in a closed bank deposit pouch, which Smith identified as hers.

. Alternatively, Smith testified that the patrol car ran into the back of the Dodge Neon. According to Smith, the "shifter” of the Dodge Neon broke shortly before Platt struck the car in front of them, so that Platt could not have shifted the Dodge Neon into reverse. All of the other witnesses, however, testified that Platt reversed the Dodge Neon and struck the patrol car. According to some, he did so without time to contemplate his actions. Others, including the deputies, testified that he had time to contemplate his next move. Additionally, Deputy Taylor testified that Platt looked directly at Deputy Taylor in the side view mirror, and smiled, before reversing and backing into the patrol car.

. The tape itself is not included in the record on appeal. Thus, we have been unable to review its contents.